**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
PRESTON K. FLOOD, No. 032764
seand@phillipsdayeslaw.com
(602) 288-1610 ext. 432

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Leonardo Lopez, individually and on behalf of others similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> YourPeople, Inc., d/b/a Zenefits FTW Insurance Services; a Delaware Corporation, <br><br> Defendant. | Case No.: <br><br> **COLLECTIVE ACTION COMPLAINT** |

Plaintiff Leonardo Lopez, and all similarly situated employees ("Plaintiff and all similarly situated employees"), on behalf of himself and other employees and former employees similarly situated ("Plaintiff and all similarly situated employees and all similarly situated former employees"), for his Complaint against YourPeople, Inc., d/b/a Zenefits FTW Insurance Services ("Defendant") alleges as follows:

**NATURE OF THE CASE**

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals,

Collective Action Complaint                                                                                                           Page 1

the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff and all similarly situated employees bring this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and specifically the overtime provision of the Act found at § 207(a).

4. For at least three (3) years prior to the filing of this action, Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least three (3) years prior to the filing of this action, Plaintiff worked at least fifteen to thirty (15-30) hours in excess of forty (40) hours per week and was not paid time and a half.

6. Plaintiff and all similarly situated employees seek to recover unpaid overtime compensation, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

10. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

11. At all times material YourPeople, Inc., d/b/a Zenefits FTW Insurance Services was incorporated in the State of Delaware with its principal place of business located in California.

## FACTUAL BACKGROUND

12. Defendant operates their health insurance agency and brokerage business under the name YourPeople, Inc. d/b/a Zenefits FTW Insurance Services.

13. Zenefits is licensed as an insurance producer in all 50 states and the District of Columbia.

14. Zenefits offers brokerage and Human Resources services to businesses through the United States.

15. Plaintiff was employed by Defendant as Inside Sales Account Executives.

16. Inside Sales Account Executives are responsible for prospecting and cold calling companies to sell them Zenefits' free Human Resources software.

17. For all decisions, Inside Sales Account Executives needed Defendant's

management's approval.

18. Inside Sales Account Executives reported out of offices of Defendant.

19. Defendant gave training and specific instructions on how Inside Sales Account Executives were to perform their duties.

20. Defendant scheduled Inside Sales Account Executives to work specific hours.

21. Defendant expected Inside Sales Account Executives to work more than their scheduled hours if necessary to complete their tasks.

22. Defendant never paid Inside Sales Account Executives for any hours worked in excess of 40 hours per week.

23. Defendant had authority to set the wages of Plaintiff.

24. Defendant suffered and permitted Plaintiff to work.

25. Defendant suffered and permitted Plaintiff to work for Defendants without properly compensating Plaintiffs for all their time spent working.

26. Defendants had complete control over the manner in which Plaintiffs would complete their work. Plaintiff followed Defendant's strict and rigid requirements for the performance of their work.

27. Defendant had the complete authority to exercise complete control with respect to all details of the employment relationship between the parties.

28. Plaintiff was hired by Defendant as an Inside Sales Account Executive on January 5, 2015.

29. Plaintiff's employment with Defendant ended on March 1, 2016.

30. Plaintiff was compensated at a pay rate of $23.07 per hour.

31. Defendant would hold a 3-hour meeting every other Thursday after normal business hours for which Plaintiff were not compensated.

32. Defendant also held mandatory meetings at 7am three days per week for which Plaintiff was not compensated.

33. Plaintiff was not required to clock in or out, and thus, Defendant failed to track Plaintiff's hours while he was employed with Defendant.

34. Plaintiff's mandatory calling hours were from 8am – 5pm.

35. If Plaintiff wanted to find prospective businesses to call, Plaintiff was required to do so on his own time.

36. Plaintiff was misclassified as exempt employees.

37. Plaintiff should have been classified and treated as non-exempt employees.

38. Plaintiff was not a manager.

39. Plaintiff did not have the authority to hire or fire other employees.

40. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

41. From 2010 and continuing through the present, Defendant failed to properly compensate Plaintiff and all similarly situated employees for any of their overtime hours. During this time, Plaintiffs and all similarly situated employees were regularly worked approximately 55-70 hours per week.

42. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff and all similarly situated employees are in the possession and custody of Defendant.

43. Defendant's failure and/or refusal to properly compensate Plaintiff and all similarly situated employees at the rates and amounts required by the FSLA were/was willful.

44. Defendant refused and/or failed to properly disclose to or apprise Plaintiff and all similarly situated employees of their rights under the FLSA.

45. At all relevant times, Plaintiff and all similarly situated employees were "employees" of Defendant, as defined by 29 U.S.C. §203(e)(1).

46. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendant.

47. At all relevant times, Defendant was and continues to be an employer as defined in 29 U.S.C. § 203(d).

48. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

49. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continues to exceed, $500,000.00.

50. The additional persons who may become plaintiffs in this action "worked" for Defendant, held similar positions as Plaintiff (Inside Sales Account Executives) and worked at least one (1) hour in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times their regular rate of pay for all of their hours worked in excess of forty (40) hours, or were misclassified as exempt employees.

51. As required by 29 U.S.C. § 216(b), Plaintiff's Consent to Become a Party Plaintiff will be filed contemporaneously to this Complaint as **Exhibits A**.

52. Plaintiff have retained the law firm of Phillips Dayes Law Firm, P.C., to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

### COUNT ONE
### VIOLATION OF FAIR LABOR STANDARDS ACT § 207

53. Plaintiffs incorporate and adopt paragraphs 1 through 52 above as if fully set

forth herein.

54. While employed by Defendant, Plaintiff and all similarly situated employees consistently and regularly worked multiple hours of overtime each week.

55. Defendant has intentionally failed and/or refused to pay Plaintiff and all similarly situated employees' overtime according to the provisions of the FLSA.

56. Defendant has further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated employees in accordance with § 207 of the FLSA.

57. There are numerous similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

58. The similarly situated employees are approximately 1500 present and former employees who have the same job description as Plaintiffs and perform the same or similar job functions.

59. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records. Specifically, all current employees and former employees of Defendant who have been employed with Defendant in the role of Inside Sales Account Executive would benefit from Court Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

60. As a result of Defendant's violations of the FLSA, Plaintiff and all similarly situated employees have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

61. Under 20 U.S.C. § 216 Defendant is liable to Plaintiff and all similarly situated

1   employees for an amount equal to one and one-half times their regular pay rate for each hour
2   of overtime worked per week.
3       62.    In addition to the amount of unpaid wages owed, Plaintiff and all similarly
4   situated employees are also entitled to recover an additional equal amount as liquidated
5   damages pursuant to 29 U.S.C. § 216(b).
6       63.    Defendant's action in failing to compensate Plaintiff and all similarly situated
7   employees, in violation of the FLSA, was willful.
8       64.    Defendant has not made a good faith effort to comply with the FLSA.
9       65.    Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §
10  216(b).
11  WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor
12  against Defendant:
13      a.    Awarding Plaintiff and all similarly situated employees overtime
14  compensation in the amount due to him for all of Plaintiff's and all similarly
15  situated employees' time worked in excess of forty (40) hours per work week
16  at an amount equal to one and one-half times Plaintiff's and all similarly
17  situated employees' regular rate of pay while employed by Defendant;
18      b.    Awarding Plaintiff and all similarly situated employees liquidated damages
19  in an amount equal to the overtime award;
20      c.    Awarding Plaintiff and all similarly situated employees reasonable attorneys'
21  fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);
22      d.    For Plaintiff's and all similarly situated employees' costs incurred in this
23  action;
24      e.    Awarding Plaintiff and all similarly situated employees pre-judgment
25

interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff and all similarly situated employees post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. Granting Plaintiff an Order, on an expedited basis, allowing them to send Notice of this action, pursuant to 29 U.S.C. § 216(b) , to those similarly situated to Plaintiffs; and

h. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

66. Plaintiffs incorporate and adopt paragraphs 1 through 66 above as if fully set forth herein.

67. Plaintiff and Defendant have an overtime compensation dispute pending.

68. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

69. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

a. Defendant employed Plaintiff.

b. Defendant is engaged in an enterprise covered by the overtime provisions of the FLSA.

c. Plaintiff individually is covered by the overtime provisions of the FLSA.

d. Plaintiff was a non-exempt employees pursuant to the FLSA.

e. Defendant failed to maintain accurate time records in violation of the FLSA.

     f. Defendant failed and refused to make payments of overtime compensation to Plaintiffs, in violation of the provisions of the FLSA.

     g. Defendant's failure to pay overtime compensation to Plaintiffs was willful.

     h. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendant at the rate of one and one-half times Plaintiff's regular rate of pay.

     i. Plaintiff is entitled to an equal amount as liquidated damages.

     j. Plaintiff is entitled to recover their costs and a reasonable attorney's fee incurred in prosecuting their claims.

70. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

71. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor against Defendant:

     a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

     b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

     c. For such other and further relief as the Court deems just and proper

Dated: November 17, 2016          Respectfully submitted,

**PHILLIPS DAYES LAW FIRM PC**

By: /s/ Trey Dayes
    Trey Dayes
    Sean C. Davis
    Preston K. Flood
    Attorney for Plaintiff